CHARLES E. SMITH, APPELLEE, V. SAMUEL NELSON, APPELLANT.

FILED APRIL 18, 1907. No. 14,775.

Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Sarpy county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Charles W. Haller,* for appellant.

*H. Z. Wedgewood, contra.*

OLDHAM, C.

This was an action in ejectment for the recovery of a strip of land in Sarpy county, Nebraska, along the division line separating the lands of the plaintiff and those of the defendant. There was a trial of the issues below to the court and jury, and verdict and judgment for the plaintiff. To reverse this judgment defendant appeals to this court.

The facts underlying the controversy are that in 1855 the lands now in dispute were owned in partnership by the plaintiff in this cause of action and his brother, William H. Smith. In 1862 the brothers dissolved their partnership and conveyed different parcels of land to each other in severalty in settlement of their affairs. By this arrangement plaintiff became the owner of two tracts of land situated in section 24, township 14, range 13, in Sarpy county, which were designated on the official survey of the section as "Tax Lots 7 and 11." The defendant, through mesne conveyances from William H. Smith, became the owner of certain parcels of land in this same section and adjoining plaintiff's land on the south, which were described on the plat of the section as "Tax Lots 8, 12, 13, and 14." There is no dispute as to the ownership of these several tracts of land, the controversy depending on the location of the boundary line between them. In plaintiff's petition the disputed tract is described by metes and bounds, beginning as follows: "Commencing at the southeast corner of tax lot 11, in section 24, township 14, range 13, being the original corner made for the division of the timber lands of William H. Smith and Charles E. Smith, and running thence west on the 'old division line between lands of William H. Smith and Charles E. Smith,'" etc. In support of the allegations of the petition, plaintiff introduced testimony tending to show that, when the lands were divided between him and defendant's original grantor, one Hamilton, then county surveyor of Sarpy county, by request of both parties es-

tablished a division line between these adjoining tracts and blazed trees along the line so established; that this line was recognized by each of the respective owners of the lands for much more than ten years before this action was instituted. The evidence shows that the lands along the disputed strip were rough and broken, and covered with timber and underbrush; that they had never been cultivated, but the respective owners had cut firewood and timber upon them; that each of the original owners had recognized the line called the "Old division line" for many years, plaintiff cutting timber on the north side of the line and defendant's grantor on the south side; that shortly before the institution of the present suit the defendant employed the present county surveyor to establish the division line between these lots, and that he erected a fence near the line so established. It is the strip of land between this fence and the old division line, alleged to have been established by agreement between plaintiff and defendant's grantor, that is now in dispute.

The case was submitted to the jury under very clear and concise directions, none of which are complained of in the brief of the appellant. The contention mainly urged by appellant is that the evidence is insufficient to sustain the judgment. It is claimed in support of this proposition that the description of the lands in plaintiff's petition depends on the corner of tax lot 11, and that this corner was correctly established by the survey last made, and that the evidence shows that defendant's north fence is rather south than north of the true corner of the tax lot. This contention begs the question by assuming the truth of the fact to be proved, that is, that the last survey of the boundary line was the correct survey. Again, plaintiff's right to recover does not depend alone on the accuracy of the original survey of the boundary line, but rather on proof of the acquiescence by adjacent owners in the survey so made for more than ten years before the institution of this suit. There was competent testimony introduced by the plaintiff tending to show that this line was

established as a division line between the several lots in dispute, and that it was treated as such by the adjacent owners for twenty years or more before defendant erected his fence near the line of the new survey. Some evidence was introduced tending to dispute plaintiff's claim, and this conflict raised an issue of fact peculiarly within the province of a jury for determination under proper directions.

Some objections are urged against the action of the trial court in the admission of testimony, but none of these objections point out anything tending to show prejudice in this matter. From a careful examination of the record we are satisfied that it discloses no prejudicial error, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.